# EXHIBIT C

At an IAS Part 12G of the Supreme
Court of the State of New York, held
in and for the County of Richmond, at
the Courthouse located at 26 Central
Avenue, Staten Island, New York, on
the _13_ day of _January_ ,
2016.

PRESENT:
                    HON. THOMAS P. ALIOTTA
                              Justice

-----------------------------------------------------------------------------x

In the Matter of the Application of

CHERIE WRIGLEY,

                              Cross-Petitioner,          **ORDER TO SHOW CAUSE**
                                                         **WITH TEMPORARY**
                                                         **RESTRAINING ORDER**

For the appointment of a Guardian of the Person
and Property of                                          Index No. 80253/14

JOANNE BLACK,

                    A Person Alleged to be Incapacitated.

-----------------------------------------------------------------------------x

Upon the reading and filing of the Affirmation of MELISSA I. COHENSON, ESQ.,

attorney for Cross-Petitioner, CHERIE WRIGLEY, duly verified on the 8th day of January, 2016,

and the exhibits annexed thereto, from which it appears that JOANNE BLACK'S welfare is

imminently threatened by BERNARD BLACK, individually and in his fiduciary capacities, and

should therefore be restrained from further dominion and control of JOANNE BLACK'S assets

by way of a Temporary Restraining Order pending the return date of this Order seeking injunctive

relief, and for other relief sought:

AND A Petition, duly verified the 9th day of October, 2014, having been presented by

BERNARD BLACK to the Supreme Court of the State of New York, County of Richmond,

alleging that JOANNE BLACK was an incapacitated person as defined in Article 81 of the Mental

Hygiene Law (MHL) and in need of a Guardian;

1

AND this Court in an Order dated October 16, 2014 having directed that the Alleged Incapacitated Person, JOANNE BLACK, show cause why a guardian should not be appointed; and that Notice of the Petition be given to the Alleged Incapacitated Person; and interested parties, namely MENTAL HYGIENE LEGAL SERVICE; HUMAN RESOURCES ADMINISTRATION; ADMINISTRATOR, SOUTH BEACH PSYCHIATRIC CENTER; ANTHONY DAIN; SAMUEL BLACK; and BART RUSSO, ESQ., the court evaluator herein;

AND a Cross-Petition, duly verified the 31st day of October, 2014, having been filed by CHERIE WRIGLEY requesting her appointment as Guardian of the Person and Property of JOANNE BLACK;

AND at a hearing held before this Court on the 1st day of October, 2015, the Cross-Petitioner CHERIE WRIGLEY having been represented by MELISSA I. COHENSON, ESQ., of the law firm BRIAN A. RAPHAN, P.C.; JOANNE BLACK having been represented by IRA SALZMAN, ESQ., of the law firm GOLDFARB ABRANDT SALZMAN & KUTZIN LLP; and ANTHONY J. DAIN, ESQ. having appeared *pro se*, in support of the Cross-Petitioner, and BART RUSSO, ESQ., the court evaluator herein, also having been present;

AND BERNARD BLACK having withdrawn his petition, with this Court's consent, on September 29, 2015, and this Court having affirmed the petitioner's withdrawal, stating "the original petitioner is no longer involved in the case", *October 1, 2015 Transcript p. 95, at 14, 15, 16*;

AND this Court having duly considered the Cross-Petition and the proofs and arguments presented therein, including the recommendation from HONORABLE ELIZABETH D. LEITH, of the Denver, Colorado Probate Court, as presented in her *Hearing Order*, dated September 28, 2015, under Case Number **12 PR 1772**, submitted to this Court as documentary evidence; all other pleadings filed in this proceeding; and the oral testimony presented at the hearing before this Court;

2

AND this Court having been satisfied by clear and convincing evidence that JOANNE BLACK is a Person in Need of a Guardian pursuant to MHL § 81.15(a);

AND this Court having been satisfied by clear and convincing evidence that CHERIE WRIGLEY is most suitable to act as Guardian of the Person and Property and it is in the best interest of JOANNE BLACK, that CHERIE WRIGLEY be appointed;

AND a proposed ORDER AND JUDGMENT APPOINTING GUARDIAN WITH COMMISSION filed by MELISSA I. COHENSON, ESQ., with corresponding Notice of Settlement, returnable October 28, 2015, and an absence of any objections to such ORDER by the return date of October 28, 2015;

AND BERNARD BLACK having unilaterally reappeared in the foregoing proceeding on November 12, 2015 by virtue of a letter written by ANTHONY LAMBERTTI, ESQ., objecting to the procedure and substance of the proposed ORDER;

AND the Court having reviewed the December 15, 2015 signed ORDER pertaining to BERNARD BLACK'S MOTION FOR POST TRIAL RELIEF, by HONORABLE ELIZABETH LEITH, of the DENVER PROBATE COURT, denying BERNARD BLACK'S *Hearing Order* on the grounds that the Court granted him explicit authorization to create the 2013 JOANNE BLACK Trust;

AND BERNARD BLACK having retained new counsel, PIPER HOFFMAN, ESQ., in New York, who filed a NOTICE OF APPEARANCE on December 22, 2015;

AND this Court having Ordered MELISSA I. COHENSON, ESQ. as counsel for CHERIE WRIGLEY, to serve BERNARD BLACK with the proposed ORDER and JUDGMENT appointing CHERIE WRIGLEY as Guardian for the property and person of JOANNE BLACK,

3

corresponding NOTICE OF SETTLEMENT and decisional portion of the transcript of minutes;

AND this Court having Ordered MELISSA I. COHENSON, ESQ. as counsel for CHERIE WRIGLEY, to serve upon BERNARD BLACK a resettled copy of the Order and Judgment with Notice of Settlement, which MELISSA I. COHENSON, ESQ. served upon PIPER HOFFMAN, ESQ. on January 5, 2016 via Federal Express Overnight and regular mail.

\*\*\*

NOW UPON THE MOTION OF MELISSA I. COHENSON, ESQ., attorney for CHERIE WRIGLEY, and for the relief sought herein:

LET BERNARD BLACK, SAMUEL BLACK, ANTHONY DAIN, ESQ., IRA SALZMAN, ESQ., and BARTHOLOMEW RUSSO, ESQ., the court evaluator herein, SHOW CAUSE at I.A.S. Guardianship Part 12G, of the Supreme Court of the State of New York, held in the County of Richmond, at the Courthouse located at 26 Central Avenue, Staten Island, on the _8_ day of _FEBRUARY_, 2016, at _10_ a.m./p.m. of that day or as soon thereafter as counsel can be heard

WHY AN ORDER should not be made in the captioned proceeding:

1. Enjoining and Restraining BERNARD BLACK, individually and in any fiduciary capacity, from making any distributions or payments from the assets belonging to JOANNE BLACK, any trust created for the benefit of JOANNE BLACK, and THE ESTATE OF RENATA BLACK, pending and until such time as this Court or the Westchester County Surrogate's Court has had sufficient time to make a determination on the issues surrounding BERNARD BLACK'S fiduciary conduct as it relates to the ward herein, JOANNE BLACK;

2. Enjoining and Restraining BERNARD BLACK, individually and in any fiduciary capacity, from transferring, selling, assigning, converting, divesting, or gifting any assets

4

belonging to JOANNE BLACK, any trust created for the benefit of JOANNE BLACK, and the ESTATE OF RENATA BLACK, pending and until such time as this Court or the Westchester County Surrogate's Court makes a determination on the issues surrounding BERNARD BLACK'S fiduciary conduct as it relates to the ward herein, JOANNE BLACK;

3. Directing that any assets belonging to JOANNE BLACK, any trust for the benefit of JOANNE BLACK, or the ESTATE OF RENATA BLACK, shall be restricted from being used to retain counsel for BERNARD BLACK or SAMUEL BLACK, and from making payment to any attorneys retained by BERNARD BLACK or SAMUEL BLACK, whether individually or in his capacity as a fiduciary;

4. Awarding Cross-Petitioner, CHERIE WRIGLEY, such other, further, or different relief as may be just and proper; *and it is hereby further*

ORDERED AND ADJUDGED, that BERNARD BLACK, individually and in any fiduciary capacity, be and hereby is restrained from making any distributions from the assets belonging to THE ESTATE OF RENATA BLACK, until further order of this Court or the Westchester County Surrogate's Court; and it is further

ORDERED AND ADJUDGED, that BERNARD BLACK, individually and in any fiduciary capacity, be and hereby is restrained from making any distributions from the assets belonging to the 1997 Supplemental Needs Trust for the Benefit of JOANNE BLACK, or the 2013 JOANNE BLACK Trust, pending further order of this Court or the Westchester County Surrogate's Court; and it is further

ORDERED AND ADJUDGED, that BERNARD BLACK, individually and in any fiduciary capacity, be and hereby is restrained from making any distributions from the Irrevocable

Trust for the benefit of the Issue of RENATA BLACK, executed on December 19, 1997, pending further order of this Court or the Westchester County Surrogate's Court; and it is further

ORDERED AND ADJUDGED, that BERNARD BLACK, individually and in any fiduciary capacity, be and hereby is restrained from transferring, selling, assigning, or converting, any assets belonging to THE ESTATE OF RENATA BLACK, payable on death accounts for the benefit of JOANNE BLACK, which include accounts held at Vanguard and Fidelity, or any trust for which BERNARD BLACK has gained dominion and control, whether by official or unofficial means, that are for the benefit of JOANNE BLACK, pending further order of this Court or the Westchester County Surrogate's Court; and it is further

ORDERED AND ADJUDGED, that BERNARD BLACK, individually and in any fiduciary capacity concerning JOANNE BLACK, be and hereby is restrained from writing any checks, or making any transfers or withdrawals on any of the accounts on which he is trustee for the benefit of JOANNE BLACK; and it is further

ORDERED AND ADJUDGED, that BERNARD BLACK be and hereby is restrained from selling, gifting, assigning, transferring, or converting any jewelry belonging to JOANNE BLACK, THE ESTATE OF RENATA BLACK, or any trust established for the benefit of JOANNE BLACK; and it is further

ORDERED AND ADJUDGED, that, pursuant to CPLR § 325(e), that the motion presently before this Court to determine whether BERNARD BLACK, individually, and/or as trustee of the Supplemental Needs Trust for the Benefit of Joanne Black dated December 19, 1997, and/or as executor of the Estate of Renata Black, should not be restrained from selling or otherwise encumbering the real property located at 26 McKeel Avenue, Tarrytown, New York 10591 is removed to the Surrogate's Court, County of Westchester, with all stays to continue pending further order of that Court; and it is further

ORDERED AND ADJUDGED, that pending the Return Date of this Motion, and any other further date to be fixed by the Court, BERNARD BLACK, his agents, representatives, employees, attorneys, and anyone under his direction and control, shall not make any expenditures using assets of JOANNE BLACK, any trust for the benefit of JOANNE BLACK, and the ESTATE OF RENATA BLACK.

ORDERED AND ADJUDGED, that, in the event that BERNARD BLACK refuses to comply with the terms of the aforementioned paragraphs of this Order, JOANNE BLACK, through counsel, or otherwise, shall be authorized to move this Court for an order holding BERNARD BLACK in contempt of court.

*** 

And it appearing that SUFFICIENT CAUSE thereof exits:

LET service of copy of this Order, and the papers upon which it is based, by fax or email and regular mail upon BERNARD BLACK by delivery of same to the offices of his attorney, PIPER HOFFMAN, ESQ., 379 Fifth Street, #1, Brooklyn, New York 12215, SAMUEL BLACK by delivery of same to the offices of his attorney, PIPER HOFFMAN, ESQ., 379 Fifth Street, #1, Brooklyn, New York 12215, ANTHONY DAIN, ESQ., by delivery of same to his office, 525 B Street, Suite 2200, San Diego, California 92101, JOANNE BLACK, by delivery of same to the offices of her attorney, IRA SALZMAN, ESQ., Goldfarb Abrandt Salzman & Kutzin, LLP, 350 Fifth Avenue, Suite 4310, New York, New York 10018, and upon BARTHOLOMEW RUSSO, ESQ., court evaluator herein, by delivery of same to his office, Bamundo Zwal & Schermerhorn, LLP, 111 John Street, Suite 1100, New York, New York 10038:

on or before the _19_ day of _January_, 2016 be deemed good and sufficient service.

ENTER:

_____

Hon. Thomas P. Aliotta, *J.S.C.*

154209

State of New York, County of Richmond, ss:

I, Stephen J. Fiala, County Clerk and Clerk of the Supreme Court
Richmond County and Recording Officer for Richmond County, do
hereby certify that I have compared this copy with the original
filed or recorded in my office on

and it is a correct transcript therefrom and of the whole of the
original. Witness my hand and seal of said County and Court on

JAN 1 4 2016

COUNTY CLERK