# EXHIBIT D

| | |
|---|---|
| **PROBATE COURT** <br> **CITY AND COUNTY OF DENVER, COLORADO** <br> Court Address: <br> 1437 Bannock Street, Room 230 <br> Denver, CO 80202-5382 <br> 720-865-8310 | DATE FILED: February 25, 2016 5:27 PM |
| In re the Interest of: <br><br> **Joanne Black,** <br><br><br><br> Protected Person. | ▲ **COURT USE ONLY** ▲ <br> Case Number: <br><br> **12 PR 1772** <br><br><br> Division: 1      Courtroom: 224 |
| **ORDER** | |

THIS MATTER comes before the Court for consideration of Anthony Dain's Forthwith Motion for an Order that, as a Trustee of the 1997 Supplemental Needs Trust for the Benefit of Joanne Black, he use Supplemental Needs Trust Funds to Pay for Attorneys and Other Professionals to Represent and Defend Joanne Black in Lawsuits Brought by Bernard Black Against her and Others Involving Her Interests and Assets, filed with the Denver Probate Court on February 17, 2016. The Motion was discussed during proceedings held in the Denver Probate Court on other issues February 18, 2016.

The Court finds this Motion is grounded in the Complaint for Declaratory Relief filed by Bernard Black, on or about January 29, 2016, in the United States District Court for the Northern District of Illinois, Eastern Division, case number 16 CV 1763, styled as Bernard S. Black and Samuel Black Plaintiffs, v. Joanne Black, Defendant. ("hereinafter referred to as the US District Court") Review of this Complaint, a copy of which was filed as an attachment to Anthony Dain's Motion, reflects Mr. Black's request for an entry of a judgment from the United States District Court declaring that he and his son, Samuel Black, are sole Trustees under what has been denoted as an Issue Trust, with the "right to perform their obligations as Trustee under the Issue Trust without restraint", to "include payment of costs of management and administration of the Issue Trust Estate and, in their sole discretion, distribute funds to BBlack as beneficiary of the Issue Trust in accordance with Issue Trust…to pay BBlack's financial needs" consisting of "attorney fees incurred in litigation…". Mr. Black asserts the US District Court will have jurisdiction based on diversity of citizenship.

1

The Denver Probate Court conducted a hearing on February 18, 2016, by stipulation of the parties, to resolve four issues related to the conservatorship initiated by Bernard Black for the benefit of Joanne Black. Bernard Black voluntarily failed to personally appear but was represented by his counsel of record, Bernard Poskus and Patrick Thiessen. As part of these proceedings, a certified copy of the January 19, 2016 Order to Show Cause with Temporary Restraining Order issued by the Supreme Court in Richmond County, New York was filed with this Court and admitted into evidence. At hearing, this Court was advised by Mr. Dain and Joanne Black's New York Counsel, Melissa Cohenson and Ira Salzman, that Ms. Black had been personally served with copies of the US District Court summons and complaint at or near her residence in Brooklyn, New York on February 23, 2016. This Court was advised by counsel that based on the date of service, the Answer is due by Ms. Black to the US District Court in Chicago on March 2, 2016. The Court found the service and due date created urgency to this matter and that in order to protect Joanne Black's rights and avoid a default, a decision must be made regarding Mr. Dain's request to access funds from Ms. Black's Special Needs Trust ("SNT") to hire counsel and at the very least, file a timely answer to the US District Court Complaint.

The Court found at hearing, and continues to find that allowing the full amount of time for response from Mr. Black's attorneys would place Joanne Black at a risk of default in the US District Court and ordered his response to be filed on or before February 23, 2016 while on the record in open court. (*See,* C.R.C.P. 121(1-15(b)) Mr. Black has now filed his response through newly retained counsel, which the Court has reviewed and considered. The Court has also reviewed the US District Court Complaint, a copy of which is attached to Mr. Dain's Motion. It is not known to this Court whether Mr. Black filed copies of the September 28, 2015 Hearing Order from the Denver Probate Court or the January 19, 2016 Order to Show Cause with Temporary Restraining Order issued by the Supreme Court in Richmond County, New York with the US District Court.

This Court's review of Mr. Black's Complaint to the US District Court reflects incorrect statements made regarding this Court's Orders. Paragraph 19 of the Complaint references this Court's April 2015 Status Conference Order freezing all assets related to Joanne Black but fails to reference this Court's September 28, 2015 Order which found Bernard Black had breached his fiduciary duties as conservator for his sister Joanne Black, was removed as her conservator and surcharged the funds he misappropriated from Renata Black's accounts and transferred into the Issue Trust he references in the Complaint; a sum of over one million dollars.

2

Similarly, at Paragraphs 14, 15 and 16 of the Complaint Mr. Black asserts his cousin, Cherie Wrigley, applied for appointment as Joanne Black's guardian in the Richmond County, New York Supreme Court ("New York Court"), asserts he was not a party to the action, and asserts the New York Court entered orders restraining him from making distributions from the Issue Trust. Based upon a review of the New York Court Order dated January 19, 2016, Mr. Black's assertions in this regard appear to be less than accurate. Mr. Black has not requested relief from any of the New York Court's orders directly from that court, despite a multi-day evidentiary hearing having been scheduled in the New York Court in March 2016 at Mr. Black's behest.

The Court finds Mr. Black's Response is rife with inaccuracies bordering on half-truths. He asserts the SNT is funded primarily with assets from the New York estate of Renata Black. (Response, page 3). This statement is fully contrary to this Court's findings entered after a multi-day evidentiary hearing in 2015. (Hearing Order dated September 28, 2015). Bernard Black transferred funds from his deceased mother's accounts designated payable on death ("POD") to Joanne Black and his five eldest children to fund the Issue Trust (September 28, 2015 Hearing Order, Page 10). The funds in the POD accounts were not estate funds as POD account funds pass outside of a decedent's probate estate. (*See,* C.R.S. 15-15-212(b)) Mr. Black perpetrated a scheme whereby he obtained an order from this Court to disclaim those POD funds and rather than place the funds into the SNT as he represented his intentions to be, he placed two-thirds of the disclaimed funds into the SNT and one-third into the Issue Trust, all without fully disclosing his intentions to this court. (*See,* findings from September 28, 2015 Hearing Order). Mr. Black therefore has no rights to any of the funds contained within the Issue Trust that were transferred or derived from Renata Black's POD accounts and the amount surcharged to him speaks to this. Essentially, Mr. Black requests the US District Court to allow him to spend funds that he misappropriated from Joanne Black on his attorney fees and costs to maintain the litigation he initiates against her and against his cousins.

Mr. Dain is co-trustee of the SNT and has yet to receive access to the accounts. Mr. Black was present and represented by counsel at hearing before this court on August 5, 2015 when he was directed to turn over all account information, checkbooks, passbooks or any item which would allow withdrawal of Joanne Black's funds, including trust or other accounts to the successor conservator for Joanne Black. Mr. Black represents he is the primary custodian of the SNT records and assets (Response at Page 3), which is directly contrary to this Court's Orders. Mr. Black should not have any control over Joanne Black's trust or other funds whatsoever as this court found based on evidence adduced at hearing held over four full days.

3

This court is aware of on-going litigation in the New York Court over who should be appointed as Joanne Black's guardian. As this court understands it, a guardian in the State of New York oversees not only the person of the Ward but also the Ward's financial affairs. This then explains Mr. Black's opposition to appointment of his cousin Ms. Wrigley as guardian for Joanne Black, as this Court has directed the conservatorship established in Colorado shall be transferred to the fiduciary appointed by the New York Court upon completion of that process. (September 28, 2015 Hearing Order, Paragraph 10).

The Court finds that it removed Bernard Black as Joanne Black's conservator, recommended he not serve in any fiduciary capacity related to Joanne Black, recommended he be removed as executor for his mother, Renata Black's estate and be removed as trustee or co-trustee for any trust of which Joanne Black is a beneficiary. Bernard Black has been ordered to transfer all records relating to the SNT to co-trustee Anthony Dain. Mr. Black's argument that the SNT is administered in Chicago must therefore fail and he has not asserted the SNT is registered in any state. C.R.S. 15-16-203 provides that a court will not over party objection entertain proceedings involving a trust registered or having its principal place of administration in another state, except when appropriate parties cannot be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration or when the interests of justice otherwise would be seriously impaired.

Here, Anthony Dain is co-trustee for the SNT. At this juncture Mr. Dain should be solely responsible for all SNT administration based on this court's orders or he should have initiated litigation in the appropriate forum to formally remove Mr. Black as a co-trustee if that is his intention. Instead, Mr. Dain filed the instant motion seeking specific authority to use SNT funds to defend Joanne Black from the litigation initiated by Bernard Black in the US District Court. This Court cannot find based on the record that the principal place of administration for the SNT is in Chicago, and no party has filed documentation of where the SNT is registered, if it is registered at all. Anthony Dain has requested relief from this Court in his capacity as a co-trustee. This Court is aware that the funds contained within both the SNT and Issue Trust originated from Renata Black's POD accounts and she was a resident of New York State, as is Joanne Black. It therefore appears this motion is more properly directed to either the New York Surrogate's Court or the New York Court overseeing appointment of a guardian for Joanne Black.

The Court finds that *Luebke v. Kuebke,* 143 P.3d 1088 (Colo.App. 2006) is applicable to this matter and holds that in relation to C.R.S. 15-16-203, when there is a possibility of litigating in more than one forum, trust litigation should proceed in the most appropriate forum, there is a presumption that the state court should dismiss actions against foreign trusts, and that to overcome the presumption, the nonmoving party

4

must show that the interests of justice would be strongly impaired by referring the case to the state where the trust is registered. As noted above, there is no evidence showing the SNT is registered in Illinois or in any other state, and Bernard Black was ordered to cease administration in August 2015. No trust actions have been initiated in New York State which is the most appropriate forum. This Court therefore finds that in order to avoid a default from Joanne Black in the US District Court, the interests of justice would be strongly impaired should this Court decline to entertain Mr. Dain's motion.

Until a guardian over Joanne Black's property has been appointed by the New York Court, this Court retains continuing jurisdiction over her financial affairs. (C.R.S. 15-14-410, September 28, 2015 Hearing Order.) This Court has authority to transfer jurisdiction of the conservatorship if it is satisfied that a transfer will serve the best interest of the protected person. C.R.S. 15-14-107(1). This Court finds that it is in Joanne Black's best interest to transfer the conservatorship to New York State only after a guardian of her property has been appointed for her in that state. In matters concerning adults, the provisions of article 14.5 of this title shall apply. C.R.S. 15-14-107(2)(b). A court may communicate with a court in another state concerning a proceeding arising under this article, shall make a record of the communication which may be limited to the fact that the communication occurred. C.R.S. 15-14.5-104(1).

This Court contacted the Honorable Thomas P. Aliotta, J.S.C. on February 24, 2016 to discuss this present situation and pending motion. Both this Court and the New York Court are in agreement that the parties should be advised of this communication and that this Court should enter orders to prevent wasting of Joanne Black's funds and to prevent further wrong-doing and that such orders are consistent with Justice Aliota's Order signed January 19, 2016 enjoining only Bernard Black from dissipating any assets of Joanne Black.

Bernard Black and his current wife both testified before this Court that they are law professors at Northwestern University in Chicago, Illinois. As such, each of these individuals has an enhanced duty for full and complete candor to the Court and to conduct themselves and this matter with dignity becoming judicial officers and professors. The taking of his sister's funds, the multiple suits initiated by Mr. Black against his family members, the inaccuracies in his pleadings before this Court and his apparent refusal to accept the changes his mother made to her estate plan are absolutely appalling and are not in keeping with his status as a law professor.

IT IS THEREFORE ORDERED:

1. Anthony Dain's Forthwith Motion is GRANTED IN PART. As co-trustee of the Special Needs Trust for Joanne Black, Mr. Dain is authorized by this Order to unilaterally withdraw funds from the Trust in an amount sufficient to:
   a. Retain counsel to represent Joanne Black in the lawsuit filed by Bernard Black in the US District Court, case number 16 CV 1763;
   b. Pay for fees and costs related to the recovery of judgments, fees and costs that Bernard Black has been ordered to repay to Joanne Black through surcharge or other court orders.

IT IS FURTHER ORDERED THAT:

1. Appropriate proceedings shall be initiated in the Surrogate's Court in New York regarding the estate of Renata Black.
2. Appropriate proceedings shall be initiated in the appropriate court in New York State to resolve issues relating to the trusts funded from Renata Black's accounts, including whether removal of a trustee should occur.

DONE IN CHAMBERS this 25th day of February, 2016.

BY THE COURT:

*Elizabeth D. Leith*

The Honorable Elizabeth D. Leith
DENVER PROBATE COURT JUDGE

PROBATE COURT
City & County of Denver, Colo
Certified to be full, true and correct
copy of the original in my custody.

MAR 2 5 2016

By _____
Deputy Clerk

6