IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bernard S. Black, et al | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 1763 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| | ) | |
| | ) | |
| Joanne Black | ) | |
| Defendants. | ) | |

## ORDER

For the following reasons, the Court grants Defendant Joanne Black's ("Joanne") Motion to Dismiss with prejudice. (Dkt. No. 15.)

## BACKGROUND

The Court takes the following allegations from the Complaint and treats them as true for the purposes of the Defendant's motion. *See Gillard v. Proven Methods Seminars, LLC*, 388 F. App'x 549, 549-550 (7th Cir. 2010).

In 1997, Renata Black ("Renata") created the Trust for the Benefit of the Issue of Renata Black ("Issue Trust"). (Dkt. No. 1 at ¶ 8; *see also* Dkt. No. 1-1.) She named Bernard S. Black ("Bernard"), along with Anthony Dain, as the two original trustees under the Issue Trust. (*Id*. at ¶ 2.) Samuel Black ("Samuel") was named as a successor trustee after Dain resigned in December 2015.[1] (*Id*. at ¶ 3, 11.) Bernard and his seven children are the only beneficiaries under the Issue Trust. (*Id.* at ¶ 9.) Joanne is not, and never has been, a beneficiary. (*Id.* at ¶ 10.) The res of the Issue Trust is held in Illinois. (*Id.* at ¶ 12.) Plaintiffs allege the Issue Trust does not contain any of Joanne's assets and that she "does not now and never has had any interest in the Issue Trust." (*Id.* at ¶ 20.) Under the terms of the Issue Trust, Plaintiffs, as trustees, have an affirmative obligation to administer the Trust until actual and final distribution. (*Id*. at ¶ 13.)

The controversy presently before the Court stems from two state court cases in New York and Colorado. (*Id.* at ¶ 22.) Specifically, in October 2012, Bernard filed suit in the District Court of Denver petitioning for appointment as Joanne's conservator, "the equivalent to a guardian of the property."[2] (*See* Dkt. No. 16-2 at 3.) The Denver Court granted Bernard's petition and in April

---

[1] Bernard and Joanne are the children of Renata. Samuel is Bernard's son and grandson of Renata. (*See* Dkt. No. 1.) At current, Bernard is a citizen of Illinois, Samuel is a citizen of Maryland, and Joanne is a citizen of New York. (*Id*. at ¶ 2-4.) Joanne is not competent and is under conservatorship in Colorado. (*Id*. at ¶ 4.)

[2] "In addition to the allegations in the complaint, courts are free to examine 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice' in evaluating a motion to dismiss

2015, the Court additionally ordered that "all…assets related to [Defendant] are frozen." (Dkt. No. 1 at ¶ 19.) However, Bernard was ultimately removed as conservator after the Court found that that Bernard had breached his fiduciary duties to and committed civil theft from Joanne. (Dkt. No. 16-2 at 8-11.) Bernard also filed a case in the Superior Court of the State of New York, County of Richmond ("SCNY") for appointment as guardian of Joanne's person and property in 2014, but thereafter withdrew his petition. (Dkt. No. 1 at ¶ 15.) On January 13, 2016, SCNY entered an "Order which stated that [Bernard], individually and in any fiduciary capacity, is restrained from making distributions from the Issue Trust." (*Id*. at ¶ 16; *see also* Dkt. No. 16-3 at 7-8.)

Plaintiffs allege that they received a letter, through their counsel, claiming that they were under "judicial restraints" to distribute funds from the Issue Trust based upon those courts' orders. (*Id*. at ¶ 17.) Plaintiffs filed the present action against Joanne seeking declaratory judgment under 28 U.S.C. § 2201 that they are free from restraint to administer the Issue Trust.

## DISCUSSION

Joanne moves to dismiss on both subject matter jurisdiction and personal jurisdiction grounds. (*See* Dkt. No. 15.) The Court has discretion to evaluate either jurisdictional question first, and may address personal jurisdiction first where, as here, the inquiry is straightforward. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578-588 (1999); *see also*, *e.g.*, *Telemedicine Sols. LLC v. WoundRight Techs., LLC*, 27 F. Supp. 3d 883, 889 (N.D. Ill. 2014) ("Indeed, because [p]ersonal jurisdiction refers to a court's power to bring a person into its adjudicative process…and principally protects the liberty of the nonresident defendant, it must be the first and fundamental question resolved…") (internal citations and quotations omitted)).

Plaintiffs bear "the burden of establishing personal jurisdiction." *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014). This Court's personal jurisdiction over Joanne requires compliance with constitutional due process requirements and the Illinois long-arm statute. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). A federal court sitting in diversity has personal jurisdiction over a defendant only if the courts of the state in which it sits would have personal jurisdiction. *See, e.g., Consol. Commercial Controls, Inc. v. 5 Star Supply, LLC*, No. 08C4388, 2008 WL 5094402, at *2 (N.D. Ill. Nov. 26, 2008). "The Court first reviews whether statutory grounds exist for personal jurisdiction, and then determines if the exercise of jurisdiction would be consistent state and federal constitutional law." *See, e.g., id.* (citing *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000)).

### A.     Statutory Grounds

---

under Rule 12(b)(6)." *See, e.g., Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 770 (N.D. Ill. 2011) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). As court records "fall within the narrow category of judicially noticeable facts," the Court considers the orders from the Colorado and New York courts here. *See, e.g., id.* at 771 "Matters of public record, such as the contents of court records, can fall within this narrow category of judicially noticeable facts.").

2

Plaintiffs allege that the Court may exercise personal jurisdiction over Joanne pursuant to 735 Ill. Comp. Stat. 5/2–209(a)(10) and (13). (*See* Dkt. No. 1 at ¶ 6.) Although the parties spend a significant amount of time disputing whether either of those subsections applies, such an analysis is unnecessary. The Illinois long-arm statute includes a catch-all section that extends the limits of personal jurisdiction to the limits of federal due process. *See* 735 Ill. Comp. Stat. Ann. 5/2-209(c) ("A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."). Where the long-arm statute includes such a catch-all section, review of the first inquiry, *i.e.* the statutory grounds, "is wholly unnecessary." *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992). "Stated differently, if due process is satisfied, jurisdiction is met under Section 2–209(c) of Illinois' long-arm statute irrespective of whether a defendant has done any of the acts set forth under Section 2–209(a)(1)–(14)." *See, e.g., Mors v. Williams*, 791 F. Supp. 739, 741 (N.D. Ill. 1992). As such, the Court moves on to the due process analysis.

**B.       Minimum Contacts and Due Process**

To comport with due process[3] requirements, a defendant must have sufficient "minimum contacts" with Illinois such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant should be able to "reasonably anticipate being haled into court" in the state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Here, Plaintiffs concede that Joanne is not subject to general jurisdiction in Illinois, but rather is subject to the specific jurisdiction of the state. (*See* Dkt. No. 23 at 12.) "For a court to exercise specific jurisdiction, the lawsuit must result[ ] from alleged injuries that arise out of or relate to the defendant's contacts with the forum." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 913 (7th Cir. 2015) (internal citations and quotations omitted). "Random, fortuitous, or attenuated contacts" and "unilateral activity" of plaintiffs or third parties are insufficient minimum contacts." *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) (citing *Burger King Corp. V. Rudzewicz*, 471 U.S. 462, 475 (1985)). Contacts must be established by the defendant alone, and must go beyond contact with a person with connections in another state. *Id.* at 1122-23.

Here, Plaintiffs allege that Joanne has the requisite minimum contacts with Illinois based on "taking the precise acts enumerated in 735 ILCS 5/2-209(a)(10) and (13) which were specifically directed to Illinois, assets a trust administered therein, and a trustee of the trust." (Dkt. No. 23 at 14-15.) The relevant subsections provide:

> § 2-209. Act submitting to jurisdiction--Process.
>
> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits

---

[3] As an initial point, although the Illinois Constitution and the Constitution of the United States use slightly different language, there is no "meaningful difference between the federal and Illinois due process standards." *Illinois v. Hemi Group LLC*, 622 F.3d 754, 757 (7th Cir. 2010); *see also, e.g., Woolard v. Woolard*, No. 05 C 7280, 2009 WL 3150435, at *6 (N.D. Ill. Sept. 23, 2009). Thus, the Court considers the standards together.

>such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
>>(10) The acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired…
>>
>>(13) The ownership of an interest in any trust administered within this State…

*Id*. However, Plaintiffs' allegations in their Complaint belie their position. Specifically, Plaintiffs explicitly allege that "Defendant does not now and never has had any interest in the Issue Trust [and that the] Issue Trust contains no assets of Defendant," Dkt. No. 1 at ¶ 20; that Joanne "is not a beneficiary of the Issue Trust," *Id*. at ¶ 23; and that "[t]he res of the Issue Trust came from Renata Black and it contains no assets of Defendant." (*Id*.) As such, Plaintiffs' own allegations undermine their position that Joanne, despite having no ownership, possession, or even any interest in the Issue Trust, could somehow still have taken the "precise actions" enumerated in Sections 2-209(a)(10) and (13). Even more, the remainder of Plaintiffs' contentions regarding constitutional due process and minimum contacts are similarly insufficient. First, Plaintiffs contend that "Defendant has asserted control over the Issue Trust in two different (and in substance wholly unrelated) legal actions….The control that Defendant is attempting to exercise consists of ancillary orders from these actions that purport to place a freeze on the Issue Trust." (Dkt. No. 23 at 13; *see also* Dkt. No. 1 ¶¶ 16, 19.) Yet, Plaintiffs fail to point to any case law, and the Court has found none, that equates a court's orders with the action of a party. As Joanne argues, *see* Dkt. No. 24 at 11, and as Plaintiffs fail to counter in any substantive way, the courts are not operating as Joanne's agent such that the courts' orders can be seen as conduct subjecting Joanne to jurisdiction before this Court.

Second, Plaintiffs point to Joanne's beliefs regarding the existence of judicial restraints on their right to administer the Issue Trust as a ground for this Court to exercise personal jurisdiction over Joanne. (Dkt. No. 1 ¶ 22 ("Defendant believes that Plaintiffs are restrained from exercising their obligations as Trustees of the Issue Trust based on the January 13th Order entered in the NY Guardian Action and the April 2015 Order entered by the Denver Court in the Denver Conservator Action"); *see also* Dkt. No. 23 at 13.) However, the internal beliefs of a party are distinct from the types of affirmative acts that demonstrate minimum contacts for the purpose of specific personal jurisdiction and Plaintiffs, again, fail to provide any case law to the contrary. Certainly, Joanne would not reasonably expect to be hailed to Court in another state based solely on her internal thoughts. *See World-Wide Volkswagen*, 444 U.S. at 297.

Third, Plaintiffs allege receipt of a letter, through counsel, describing the purported "judicial restraints" of the New York Court Order. (Dkt. No. 1 ¶ 17.) Setting aside the fact that the Plaintiffs did not allege any facts with respect to who transmitted the letter, how it was sent or received, what the letter specifically stated – including whether it was even sent by Joanne – this single interaction does not constitute "significant contact" with the state of Illinois. *Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n, Inc.* proves instructive. 312 F.3d 833, 841 (7th Cir. 2002).

4

In that case, the Seventh Circuit affirmed the district court's dismissal on personal jurisdiction grounds even though defendant mailed several letters to the plan administrator in Indiana and filed a complaint with the Indiana Department of Insurance. *Id.* Those contacts were found insufficient to meet due process requirements because the letters were mailed to the state only because of the fortuitous reason that the insurance company elected to administer the plan there. *Id.* Based on the allegations here, not only did Joanne allegedly send only one letter into Illinois, but she only did so because the Plaintiffs fortuitously chose to administer the Issue Trust in Illinois. *See Walden*, 134 S. Ct. at 1123. There is no evidence that Joanne wanted to "personally avail" herself to conduct activity in Illinois that would rely on the "benefits and protections" of Illinois law.[4] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

## CONCLUSION

As such, the Court finds that it does not have personal jurisdiction over Joanne and therefore "has no authority to adjudicate [this] case on the merits." *Sikhs for Justice v. Badal*, 736 F.3d 743, 751 (7th Cir. 2013). Accordingly, the Court grants Defendant's Motion to Dismiss with prejudice. (Dkt. No. 15.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 7/13/2016

---

[4] All of the case law that the Plaintiffs rely upon are distinguishable. In both *Keats v. Cates*, 100 Ill App. 2d 177 (1st Dist. 1968) and *Sullivan v. Kodsi*, 359 Ill. App. 3d 1005 (1st Dist. 2005), the Illinois courts exercised personal jurisdiction over non-resident trustees. Similarly, in *Kaufman v. Barbiero*, 376 Ill. Dec. 589 (1st Dist. 2013), the non-resident was a beneficiary. Here, on the other hand, Plaintiffs have explicitly alleged that Joanne is neither a beneficiary nor a trustee and has never held any interest in the trust. (Dkt. No. 1 at ¶ 2–3, 10, 20.) As such, Plaintiffs' own allegations distinguish this case from those they rely upon.